JOSEPH A. JOHNSON *v.* MARY PHYLLIS PILKERTON, PERSONAL REPRESENTATIVE OF THE ESTATE OF MATTINGLY GIBBONS JOHNSON

[No. 1194, September Term, 1975.]

*Decided June 29, 1976.*

The cause was argued before FREDERICK J. SINGLEY, JR., and J. DUDLEY DIGGES, Associate Judges of the Court of Appeals of Maryland and JAMES S. GETTY, Associate Judge of the Fourth Judicial Circuit, all specially assigned.

*John P. Rue, II,* with whom were *Dorsey & Rue* on the brief, for appellant.

*Neal P. Myerberg* for appellee.

SINGLEY, J., delivered the opinion of the Court.

Mattingly Gibbons Johnson died domiciled in St. Mary's County on 10 November 1973. The principal asset of his estate was a 128 acre tobacco farm, 60 acres of which, containing most of the improvements, he devised to one of his daughters, Mary Phyllis Pilkerton. The remainder of the farm, 68 acres, he devised to his other three daughters and to his son, the appellant, Joseph A. Johnson, as tenants in common. This remaining 68 acres consisted primarily of open fields and woodlands.

Because the estate included cash in an insignificant amount, and federal estate taxes, Maryland state and inheritance taxes, and debts and expenses of administration amounted to $39,986.71, a "Reconciliation" was proposed under which each child would pay a part of the required cash, to be determined by the percentage of the estate which each took under the will. To this end, the appraised value of the farm, $157,440.00 was allocated among the children in the proportion which each received, without attributing any value to the improvements. Since the appellant, Joseph A. Johnson, took a 1/4 interest in 68 acres, or 1/4 of 68/128 of $157,440.00, he benefited to the extent of $20,946.00, or 10.4% of a gross estate of $202,330.60, and was therefore charged with 10.4% of $39,986.71, the cash required to settle the estate, or $4,149.42,[1] which Johnson refused to pay. He countered with a petition filed in the Orphans' Court for St. Mary's County, seeking an apportionment of taxes under Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 11-109, now Code (1974), Estates and Trusts Article § 11-109.

The thrust of Johnson's argument is that since the land comprising the tobacco farm was appraised at $900.00 per acre, his 1/4 share of 68 acres should have been valued at $15,250.00 and not $20,946.00, and his contri-

---

1. We have been unable to verify these figures precisely. The discrepancy, however, is minimal.

bution to the cash required should have been reduced accordingly.

While § 11-109, the Uniform Estate Tax Apportionment Act, provides a mechanism for the apportionment of federal estate tax and Maryland estate tax, it makes no provision for the payment of Maryland inheritance tax or for the raising of cash which may be needed to pay debts and expenses of administration. It also provides in § 11-109 (k) that it shall be applicable, "[e]xcept as otherwise provided in the will, or other controlling instrument . . . ."

The short answer to Johnson's contention is that the controlling instrument here was the Reconciliation, which allocated among the beneficiaries the responsibility of providing the cash needed to settle the estate. The orphans' court, after a hearing, found as a fact that all interested parties had been present at a previous hearing and had agreed to the Reconciliation. We cannot say that this finding was clearly erroneous, Maryland Rule 1086.

*Order affirmed, costs to be paid by appellant.*